In the Matter of MARY G. ANZEL, Appellant, v. FRANK COVENEY et al., as Commissioners of Election of the County of Suffolk, and JANE A. STANLEY, Respondents.— In a proceeding to validate a petition nominating appellant as a candidate of the Islip Citizens Party for the public office of County Legislator, Eighth Legislative District, Suffolk County, in the election to be held on November 4, 1969, the appeal is from a judgment of the Supreme Court, Suffolk County, entered October 10, 1969, which dismissed the petition in the proceeding. Judgment affirmed, without costs. We have not reached the merits herein, since we believe the proceeding is time-barred. Leave to appeal to the Court of Appeals is granted to appellant. Benjamin, Acting P. J., Munder, Martuscello and Kleinfeld, JJ., concur.

## (October 20, 1969)

In the Matter of the Application of LAWRENCE MALVIN BRAUER for Admission to the Bar.— Application for admission to the Bar denied, without prejudice to renewal after the applicant shall have established an actual residence in the State of New York and shall have complied with all requirements as to residence in New York (CPLR 9406; 22 NYCRR 521.1, 521.2). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

In the Matter of BERNARD E. EPSTEIN, an Attorney.— The above-named attorney, who was admitted to the Bar by this court on October 22, 1952, has submitted to this court a paper signed by him, and acknowledged by him before a notary public on October 6, 1969, which states that he resigns from the Bar of this State and consents to the making of an order removing him as an attorney and counselor at law and striking his name from the roll of attorneys. This attorney was indicted by a New York County Grand Jury on April 16, 1969 (indictment No. 4566–68), charging him with grand larceny in the first degree (two counts) and grand larceny in the second degree (one count). He pled guilty in the Supreme Court, New York County, on June 13, 1969, to the crime of petit larceny, a misdemeanor (to cover the indictment), under the first count of the indictment, which charged him with stealing $5,000; and sentencing has been deferred to December 10, 1969. The resignation is accepted and directed to be filed; and it is ordered that said attorney's name be struck from the roll of attorneys and counselors at law, effective as of October 20, 1969, the date of this decision. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

In the Matter of BERNARD SORKIN, an Attorney.— The above-named attorney, who was admitted to the Bar by this court on March 21, 1945, has submitted to this court a paper signed by him, and acknowledged by him before a notary public on October 6, 1969, which states that he tenders his resignation from the Bar of this State. This attorney was indicted by a Kings County Grand Jury on December 20, 1968 (indictment No. 4314/1968), charging him with four counts of each of the following four crimes, committed with respect to his position as an Assistant District Attorney: (1) bribe receiving (a class D felony); (2) receiving reward for official misconduct (a class E felony); (3) receiving unlawful gratuities (a class A misdemeanor); and (4) official misconduct (a class A misdemeanor). On October 6, 1969, in the Supreme Court, Kings County, he pled guilty to receiving unlawful gratuities, under the 15th count of the indictment, and was sentenced to a conditional discharge. The resignation is accepted and directed to be filed; and it is